## FIDELITY & DEPOSIT COMPANY OF MARYLAND

v.

## Rebekah BIZETTE, et al.

### No. CIV.A. 04–720–D.

United States District Court,
M.D. Louisiana.

Jan. 26, 2006.

sition denying having realized any economic

Eugene R. Preaus, Edward C. Gleason, Mayra Leyva Scheuermann, Preaus Roddy & Associates, New Orleans, LA, for Plaintiff.

John S. McLindon, Rainer, Anding & McLindon, Baton Rouge, LA, Michael Matthew Distefano, Distefano & Distefano, Plaquemine, LA, for Defendants.

### *RULING ON MOTION FOR SUMMARY JUDGMENT*

BRADY, District Judge.

This matter is before the court on a motion for summary judgment (doc. 11) filed by Plaintiff Fidelity & Deposit Company of Maryland ("Fidelity"). Defendant Brian Bizette has filed an opposition.

benefit).

Plaintiff has filed a reply brief. There is no need for oral argument. Subject matter jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332.

Fidelity brought this action against Rebekah and Brian Bizette to recover the full amount of the loss paid by Fidelity to Citizens Bank & Trust Company ("Citizens"). Fidelity seeks to hold Rebekah Bizette and her husband, Brian Bizette, liable *in solido* for the loss it incurred as a result of Rebekah Bizette's fraudulent conduct.

In support of its motion, Fidelity has established the following facts. Between 1999 and 2003, Rebekah Bizette was employed by Citizens. During that time, she deposited insurance company checks payable to Citizens totaling $249,557.78 into the Bizettes' joint checking account. At all pertinent times, Fidelity had issued and there was in full force and effect a Financial Institution and Bond Policy in favor of Citizens bearing Policy Number 0001599. Citizens submitted a Proof of Loss to Fidelity dated June 10, 2004. Fidelity reimbursed Citizens in the amount of $249,557.78 for the loss caused by Rebekah Bizette pursuant to the terms of the Bond. As a result of the payment by Fidelity, Citizens executed a Release and Assignment on July 26, 2004. During the time of her employment at Citizens, Rebekah Bizette was married to Brian Bizette, and they resided together in Louisiana.

As to the claim against Brian Bizette, Fidelity has submitted evidence that $249,557.78 was deposited into the joint account held by Rebekah and Brian Bizette. Fidelity contends that Brian Bizette is liable because he lacks evidence to rebut the presumption created by Louisiana Civil Code Article 2360 that "[a]n obligation incurred by a spouse during the existence of a community property regime" is a community obligation. Fidelity has submitted statements of the joint account evidencing transactions made on the joint account.[1] Between December of 1999 and December of 2003, numerous checks were written on the joint account to payees such as Wal Mart, Bayou Pro Shop, City Café, Chevron, Old Navy, Winn–Dixie, Walgreens, Sam's Club, Conoco, Albertsons, Bayside Tackle, Payless Shoe Source, Gap, Lowe's Academy Sports, and many others.[2] These transactions are offered as support for Fidelity's claim that the money was used to benefit the community, and is therefore a community obligation.

In opposition, Brian Bizette denies that he is liable to Fidelity for the sums paid to Citizens under the bond. He claims that he had no knowledge of, nor reason to know of his wife's actions. Furthermore, he submits that he did not obtain any benefit from the actions of his wife.

The Court concludes that Brian Bizette was not aware of his wife's embezzlement, nor that this money was placed into their joint account. However, the law does not recognize this as an exception to the community property regime.

Louisiana Civil Code Article 2360 defines a community obligation as "[a]n obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse." In this case, the obligation was incurred during the existence of Rebekah and Brian Bizette's marriage. During the time of their marriage, Rebekah and Brian Bizette lived in Louisiana. In the absence of a matrimonial agreement derogating from the legal regime, married persons living in

---

1. *See* Exhibit 1, Tab A, Tab 1.

2. *Id.*

675

Louisiana are subject to the State's legal regime.[3] Since no evidence of a matrimonial agreement has been introduced, the marriage is governed by Louisiana's legal regime of community of acquits and gains. Under such a regime, all obligations are presumed to be community obligations. Because the embezzlement occurred during Rebekah and Brian Bizette's marriage in Louisiana, the obligation owed to Fidelity is presumed to be a community obligation.

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the burden at trial rests on the non-movant, as it does here, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case. *See Id.* The movant may do this by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case. *See Id.*

Although this court considers the evidence in the light most favorable to the non-movant, the non-movant may not merely rest on allegations set forth in the pleadings. Instead, the non-movant must show that there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-movant's burden. If, once the non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex Corp.,* 477 U.S. at

322, 106 S.Ct. 2548; *see also* Fed. Rule Civ. P. 56(c).

Brian Bizette has failed to demonstrate the existence of a genuine dispute concerning the presumptive benefit received by the community when funds are deposited into the joint account. He has not offered any specific facts to support his opposition that he did not receive any benefit from the proceeds.

Accordingly, the motion by Fidelity for summary judgment (doc. 11) is hereby GRANTED.

3. *See* La. Civ.Code art. 2329.